ing of the case. If, however, the regulation should be considered as in force at the time of the accident, it had no application to Neil Drive and, hence, cannot be considered as fixing the maximum rate of speed on that roadway.

We are not convinced, nor was the learned court below, that judgment should be entered for the city, as argued by defendant's counsel, for the reason that the defendant was not guilty of negligence under the circumstances disclosed by the evidence. We think the testimony was sufficient to carry the case to the jury. The negligence of the defendant city and the contributory negligence of the deceased and of the person operating the machine were determined from oral testimony, and the credibility of the witnesses and their testimony were for the jury.

The judgment is reversed, and the court below is directed to enter judgment on the verdict in favor of the plaintiff and against the defendant.

---

# Palen *v.* International Lumber & Development Co., Appellant.

*Contracts—Stock companies—Insurance feature—Right to recover moneys paid in—Waiver—Estoppel.*

Decedent, in her lifetime, made certain contracts with the defendant in the years 1906 and 1907, by which the defendant agreed to cultivate certain plantations until January 1, 1912, and she agreed to pay a sum of money upon entering into the contracts and a stipulated amount each month until the stock of the company for which she subscribed was paid for in full. It was provided in case she died at any time during the life of the contract, that the defendant would, within sixty days after proof of death, refund all money which had been paid by her. There was also a provision that the contracts might be carried out if the heirs, executors and administrators elected so to do, and they might accept full paid stock certificates for the amount paid in. Decedent died July 29, 1911, before the expiration of the contracts, after having paid into the company $1,300. On February 15, 1912, the plaintiff, the ex-

ecutrix of the decedent, through her attorney, requested defendant to supply the forms desired for proof of the death of decedent, and informed the defendant of the necessity of converting the certificates into cash in order to settle the estate. Defendant failed to furnish the blanks, and replied to the letter that the insurance feature of the contracts had expired on January 1, 1912, and was no longer in force or effect. Plaintiff accepted dividends paid by the defendant in October, 1911, and February, 1912, the latter however not being paid until February 20, 1912, and having accrued prior to January 1, 1912, the dividends being on the contract but not on the stock. In an action to recover the money paid in by the decedent, held that a recovery for the plaintiff was properly allowed; there was not estoppel by waiver.

Argued Jan. 9, 1917. Appeal, No. 442, Jan. T., 1916, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1912, No. 444, on verdict for plaintiff in case of Anna Palen, Executrix of Elizabeth Palen, Deceased, v. International Lumber and Development Company and John O. Sheatz, Receiver. Before Mestrezat, Potter, Stewart, Moschzisker and Frazer, JJ. Affirmed.

Assumpsit to recover moneys paid. Before Martin, P. J.

The facts appear in the following opinion by the court below:

This cause came on for trial before Martin, P. J., the 6th day of October, 1915. The defendant offered no defense, but moved the court for binding instructions in favor of the defendant, which, after argument in support of the motion, was refused, for the reasons stated by the learned trial judge in his charge to the jury.

There was no dispute as to the facts in the case. Elizabeth Palen, in her lifetime, made certain contracts with the defendant in the years 1906 and 1907, by which the defendant agreed to cultivate certain plantations until January 1, 1912, and she agreed to pay a sum of money upon entering into the contracts and a stipulated amount each month until the stock of the company for which she subscribed was paid for in full. It was provided in case

she died at any time during the life of the contract, that the defendant would, within sixty days after proof of death, refund all money which had been paid by her. There was also a provision that the contracts might be carried out if the heirs, executors and administrators elected so to do, and they might accept full paid stock certificates for the amount paid in.

Elizabeth Palen died July 29, 1911, before the expiration of the contracts, after having paid into the company thirteen hundred dollars.

On February 15, 1912, the plaintiff, who is the executrix of Elizabeth Palen, through her attorney, requested defendant to supply the forms desired for proof of the death of Elizabeth Palen, and informed the defendant of the necessity of converting the certificates into cash in order to settle the estate. Defendant failed to furnish the blanks, and replied to the letter that the insurance feature of the contracts had expired on January 1, 1912, and was no longer in force or effect.

It was contended that within the period of about seven months which elapsed from the date of the death of Elizabeth Palen until the request was made for the blanks to furnish proofs of death, the plaintiff, by accepting dividends paid by the defendant in October, 1911, and February, 1912, subsequent to the death of Elizabeth Palen, waived her right to the withdrawal of the money demanded, and is estopped from claiming it, and is relegated to the exchange for certificates of stock, which is her only right under the terms of the contract.

Any value as evidence of the acceptance of the dividends which the defendant voluntarily sent to the plaintiff "was neutralized so far as it intended to prove an election on her part to continue the contract by the letter which her attorney sent informing the defendant of the necessity for the money and requesting forms or blanks for the proofs of death." It does not appear that the proofs of death were sent, as the defendant was under obligation to send. The plaintiff's testatrix had died

during the life of the contracts, which was until January 1, 1912, she having died on the 29th day of July, 1911. The alternative provision was:

"In case of the death of the party of the second part, at any time during the life of this contract, the party of the first part agrees within sixty days after proof of the death of the said party of the second part has been duly made to the party of the first part, and upon surrender of this contract, to refund to the heirs, executors or administrators of the party of the second part, all moneys that may have been paid by the party of the second part to the said party of the first part upon this contract prior to the death of said party of the second part, and this contract thereupon shall become null and void; but the full force and effect of this contract may be carried out, provided the heirs, executors or administrators of the said party of the second part, deceased, shall so elect, or said heirs, executors or administrators may take contracts for full paid stock certificates for the amount paid, which amount shall be entitled to dividends. Certificates for such shares shall be issued at the end of the development period."

The notice of the death must be within a reasonable time. It was not evidenced that February 15, 1912, when the notice was sent, was not within a reasonable time. The status of the parties was fixed by the death of Elizabeth Palen on July 29, 1911, and there was no right upon the part of the defendant company to repudiate its original undertaking on the basis of which it had secured the contracts of the plaintiff's testatrix, dated January 16, 1906, and January 1, 1907. The insurance feature was in effect on July 29, 1911, and did not expire by limitation until January 1, 1912. The attempted repudiation of the liability of the defendant was on February 15, 1912. The demand for the refund was made before the dividend was sent, and its acceptance cannot be considered as an election to take the stock, which had not been issued at that time, and the payment

was "on the contract" and not on the stock of the company, and the payment had been due prior to January 1, 1912, the defendant delaying the payment until after that date.

We believe the clause:

"In case of the death of the party of the second part at any time during the life of this contract, the party of the first part agrees within sixty days after proof of the death of the said party of the second part......and upon surrender of this contract, to refund to the......executors........all moneys that may have been paid...... upon this contract prior to the death......and this contract thereupon shall become null and void" is most pertinent.

The contract then contains a further provision providing that the contract "may" be carried out, provided the representatives of the decedent "shall so elect." There was no evidence of such an election. On the contrary, the defendant made no attempt to prove an election or to offer any testimony whatever.

"The only evidence from which the defendant argues an election is the acceptance by the plaintiff of the dividend in February, 1912. This can have absolutely no weight as evidence of an election, since this dividend was not received until February 20, 1912, and the plaintiff had on February 16th, by letter from her counsel, made demand on the defendant for the return of the money and the carrying out of the insurance feature of the contract. The taking of the dividend 'on the contract' can have no bearing whatever, therefore, as evidence of an election."

The letter of February 20, 1912, "To the Shareholders of the International Lumber and Development Company," recites:

"Enclosed you will find check to cover the quarterly two per cent. on the money you have paid in on your contracts. This payment is on the contracts, not on stock in the company."

Indeed, it would appear from this letter that the contracts had not even been exchanged for the certificate of stock to which the contract-holders would have been entitled, and it was only the payment thereafter to be made which "will be as dividends on stock, rather than as interest on amount paid on your contracts, which has been the case heretofore."

We have carefully considered the authorities which the learning and commendable industry of the counsel for the defendant company and its receiver has submitted in their carefully prepared brief, but we are not persuaded they show an intent upon the part of the plaintiff executrix to waive the right of the testatrix, Elizabeth Palen. The delay in asserting the right was not unreasonable, and we have already shown the payments accepted were not as dividends upon stock, which stock had never been formally issued. It was testified:

"It was the custom of the company to pay quarterly dividends during the development period."

We cannot find that the effectiveness of Mr. West's letter, as to defining the plaintiff's "position with regard to the contracts" was affected by his reference to the three other contracts not sued upon.

Verdict for plaintiff for $1,570.53 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*Harry Reiss Axelroth,* with him *Olin Bryan,* for appellant.

*J. M. Mitcheson,* with him *W. Nelson L. West,* for appellee.

Per Curiam, January 29, 1917:

The judgment is affirmed on the opinion of the learned court below refusing judgment non obstante veredicto for the defendant.